UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-00404 JVS (DFMx) | Date | April 22, 2015 |
| Title | Esqueda v. Sonic Automotive, Inc., et al. | | |

Present: The Honorable    James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Granting Plaintiff's Motion to Remand and Order Denying Defendants' Motion to Compel Arbitration**

Plaintiff Martin Esqueda ("Esqueda") moves to remand this case to the Orange County Superior Court from which it was removed. (Mot. Remand, Docket ("Dkt.") No. 12.) Defendants Sonic Automotive, Inc. and Sonic Buena Park H, Inc. (collectively, "Defendants") oppose (Opp'n Mot. Remand, Dkt. No. 17), and Esqueda has replied. (Reply Supp. Mot. Remand, Dkt. No. 20.) Also before this Court is Defendants' Motion to Compel Arbitration (Dkt. No. 13), to which Esqueda opposes (Not. Errata, Ex. A (Opp'n Mot. Compel Arbitration), Dkt. No. 16), and Defendants have replied. (Reply Supp. Mot. Compel Arbitration, Dkt. No. 21.)

For the following reasons, the Court **GRANTS** Esqueda's Motion to Remand and **DENIES AS MOOT** Defendants' Motion to Compel Arbitration.

I.    **Procedural Background**

On October 14, 2014, Esqueda filed a class action suit against Defendants in the Orange County Superior Court alleging various California Labor Code violations. (See generally Mot. Remand, Ex. D (Compl.), Dkt. No. 12.) In addition to the class allegations, Esqueda also sought relief under California's Private Attorney General Act ("PAGA"), Cal. Labor Code § 2698 et seq. (Id.) As is required by PAGA, see Cal. Labor Code § 2699.3(a)(1), Esqueda alleged that he provided written notice to the California Labor and Workforce Development Agency ("LWDA") and Sonic Automotive, Inc. of the alleged Labor Code violations. (Id. at ¶¶ 64–65, Ex. A (PAGA Letter).) The PAGA letter did not specifically mention Sonic Buena Park H, Inc., nor does the Complaint allege that it did. (Id.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 15-00404 JVS (DFMx)    Date  April 22, 2015

Title  Esqueda v. Sonic Automotive, Inc., et al.

    Esqueda filed a First Amended Complaint ("FAC") on October 27, 2014 (Mot. Remand, Ex. E (FAC), Dkt. No. 12), and Defendants moved to compel arbitration of the FAC on December 14, 2014. (Not. Removal, Ex. A 52–67 (State Mot. Compel Arbitration), Dkt. No. 1-2.) The parties stipulated that Esqueda could file a Second Amended Complaint ("SAC") that dropped every cause of action except the PAGA cause of action (Not. Removal, Ex. A 73–82 (Stipulation Leave File SAC), Dkt. No. 1-2.) The Superior Court approved the stipulation (Not. Removal, Ex. A 36–37 (Order Granting Leave), Dkt. No. 1-3), and Esqueda filed the SAC on January 27, 2015. (Not. Removal, Ex. A 46–51 (SAC), Dkt. No. 1-3.) The Superior Court denied Defendants' motion to compel. (Mot. Remand, Rosenthal Decl. ¶ 10, Dkt. No. 12.)

    On February 26, 2015, Defendants removed the action to this Court on the basis of diversity subject matter jurisdiction under 28 U.S.C. § 1332(a)(1). (Not. Removal ¶¶ 15–16.)

## II. **Legal Standard**[1]

    Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action is removed. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997). According to the Ninth Circuit, courts should "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Doubts as to removability should be resolved in favor of remanding the case to the state court. Id. This "'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quoting Nishimoto v. Federman-Bachrach & Assoc., 903 F.2d 709, 712 n.3 (9th Cir. 1990)).

    Pursuant to 28 U.S.C. § 1332, federal jurisdiction is proper so long as there is complete diversity between the parties and an amount in controversy in excess of $75,000. See, e.g., Orkin v. Taylor, 487 F.3d 734, 738 (9th Cir. 2007).

    To satisfy the amount in controversy requirement under § 1332, the plaintiff's

---

[1] The Court does not address the legal standard for considering a motion to compel arbitration because Defendants' Motion is mooted by the Court's granting of Esqueda's Motion. See infra Section III.B.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-00404 JVS (DFMx)                              Date   April 22, 2015

Title   Esqueda v. Sonic Automotive, Inc., et al.

alleged damages must exceed $75,000.  28 U.S.C. § 1332(a).  To measure the amount in controversy, a court must not only assume that allegations of the complaint are true, but must also assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.  Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).  Esqueda did not demand a specific amount of damages in the SAC he filed in state court.  In such a situation, "where it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled . . . . [courts] apply a preponderance of the evidence standard."  Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007) (citing Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996)).  Moreover, the "defendant must do more than point to a state law that might allow recovery above the jurisdictional minimum," and "must submit 'summary-judgment-type evidence' to establish that the actual amount in controversy exceeds $75,000."  Kenneth Rothschild Trust, 199 F. Supp. 2d at 1001 (citing Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997)).  The defendant "cannot speculate," but this burden is "not 'daunting'" and does not require that defendant "research, state, and prove the plaintiff's claims for damages."  Coleman v. Estes Express Lines, Inc., 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (internal quotation marks and citation omitted).  The defendant's evidence must establish "that it is 'more likely than not' that the amount in controversy exceeds that amount."  Sanchez, 102 F.3d at 404.

If the defendant meets this burden, then the burden shifts to the plaintiff, who must "show, as a matter of law, that it is certain he will not recover the jurisdictional amount."  Kenneth Rothschild Trust, 199 F. Supp. 2d at 1001 (citing De Aguilar v. Boeing Co., 47 F.3d 1404, 1411 (5th Cir. 1995)).

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal."  28 U.S.C. § 1447(c); see also Maniar v. FDIC, 979 F.2d 782, 786 (9th Cir. 1992).  A district court lacks power to order a remand in violation of Section 1447(c).  Id.

III.   **Discussion**

   A.   Esqueda's Motion to Remand

Esqueda timely filed the instant Motion within thirty days after Defendants filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-00404 JVS (DFMx) | Date | April 22, 2015 |
| Title | Esqueda v. Sonic Automotive, Inc., et al. | | |

the Notice of Removal. He argues that removal was improper because it was untimely and because the amount in controversy is below the $75,000 jurisdictional threshold. (Mot. Remand 6–8.) The Court need not address the first argument because it agrees with Esqueda that the amount in controversy is less than $75,000.

### 1. Overview of PAGA Claim Aggregation

Esqueda's only cause of action in his SAC is under the PAGA, which permits plaintiffs to bring representative claims against his or her employer "on behalf of himself or herself and other current or former employees" for alleged violations of the California Labor Code if the LWDA declines to investigate or issue a citation. Cal Labor Code § 2698, et seq.; see also Urbino v. Orkin Servs. of Cal., Inc., 726 F.3d 1118, 1121 (9th Cir. 2013). "If the representative plaintiff prevails, the aggrieved employees are statutorily entitled to 25% of the civil penalties recovered while the LWDA is entitled to 75%." Id. (citing Cal. Labor Code § 2699(I)). In Urbino, the Ninth Circuit made clear that "the penalties recoverable on behalf of *all* aggrieved employees" may not be aggregated to meet the amount in controversy requirement. Id. at 1120, 1122–23. Although aggrieved employees have "a host of claims" available to them, Urbino reasoned that "these rights are held individually" and thus a defendant's "obligation to them is not as a group, but as individuals severally." Id. at 1122 (internal quotation marks and citation omitted). In response to the defendants' argument that a PAGA plaintiff asserts the "state's collective interest in enforcing its labor laws through PAGA," Urbino concluded that "[t]o the extent Plaintiff can—and does—assert anything but his individual interest . . . [t]he state, as the real party in interest, is not a 'citizen' for diversity purposes." Id. at 1122–23.

A year after Urbino, the California Supreme Court issued its decision in Iskanian v. CLS Transp. L.A., LLC, 59 Cal. 4th 348 (2014). In Iskanian, the court held definitively that as a matter of California law, an employee's right to bring a representative PAGA claim cannot be waived and any purported waiver in an arbitration agreement is unenforceable as a matter of state law. Id. at 383–84. In reaching this conclusion, the court relied in part on the PAGA litigant's "status as 'the proxy or agent' of the state" and "substantive role in enforcing [California] labor laws on behalf of state law enforcement agencies." Id. at 388.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-00404 JVS (DFMx) | Date | April 22, 2015 |
| Title | Esqueda v. Sonic Automotive, Inc., et al. | | |

### 2. Application of PAGA Claim Aggregation

Esqueda seeks civil penalties, attorney fees, and costs in his SAC. (SAC Prayer.) He allegedly was an employee for Defendants from February 2014 through July 14, 2014, but he also seeks to represent aggrieved employees employed by Defendants from September 10, 2013 to present. (Id. at ¶¶ 7, 17.) Esqueda's PAGA cause of action is based on seven alleged California Labor Code violations, including violations of Labor Code §§ 201, 202, 203, 226, 226.7, 510, and 1194. (Id. at ¶ 22.) PAGA provides for civil penalties for each Labor Code violation in the amount specifically provided by the violated statute, or "one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation" if no amount is specified in the violated statute. Cal. Labor Code § 2699(f)(2). Thus, the civil penalties that Esqueda could recover for each Labor Code violation are: (1) $50 for the initial violation and $100 for each subsequent violation of § 226, Cal. Labor Code § 226(e)(1); (2) $50 for the initial violation and $100 for each subsequent violation of § 510, Cal. Labor Code § 558; and (3) the PAGA default penalty of $100 for the initial violation and $200 for each subsequent violation of the §§ 201, 202, 203, 226.7, 1194, Cal. Labor Code § 2699(f)(2).

Defendants' Notice of Removal and an attached declaration calculated the amount in controversy to be "clearly exceed[ing] $75,000" because Esqueda alleges seven Labor Code violations for himself and 450 aggrieved employees for multiple pay periods over the course of more than one year. (Not. Removal ¶ 11; Gonzalez Decl. ¶¶ 4–5, Dkt. No. 1-4.) However, Urbino prohibits the aggregation of penalties recoverable on behalf of Esqueda and all aggrieved employees to meet the $75,000 amount in controversy requirement. Urbino, 726 F.3d at 1123. Thus, the Court can only consider the penalties recoverable on behalf of Esqueda. In accordance with the SAC and Defendants' Notice of Removal, this amount, without regards to the required apportionment of damages between the aggrieved employees and the LWDA, would at most be $5,400.[2] Even with

---

[2] Defendants allegedly employed Esqueda for five months and his pay period was monthly. (SAC ¶ 7; Gonzalez Decl. ¶ 4.) For the seven alleged Labor Code violations, the civil penalties from the first month of employment, or the initial violation, would be the sum of $50 for the § 226 violation, $50 for the § 510 violation, and a total of $500 for the other five violations. This would total $600. The civil penalties from a single subsequent month, or a single set of subsequent violations, would be the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 15-00404 JVS (DFMx)  Date  April 22, 2015

Title  Esqueda v. Sonic Automotive, Inc., et al.

the addition of attorney fees and costs, see Cal. Labor Code § 2699(g)(1), this total amount falls far short of exceeding $75,000.

In light of Iskanian's holding that a "PAGA action is a dispute between an employer and the state [LWDA]," 59 Cal. 4th at 384, Defendants urge the Court to "find that the amount in controversy for diversity purposes is the value of the State of California, not any individual employee." (Opp'n Mot. Remand 3:15–17.) The Court construes this argument as a request for the Court to aggregate the LWDA's 75 percent pro rata share of the penalties with Esqueda's 25 percent pro rata share. Urbino did not address this issue and California federal district courts have reached different conclusions on Urbino's implications regarding this issue. Compare Lopez v. Ace Cash Express, Inc. No. LA CV11-07116 JAK (JCx), 2015 U.S. Dist. LEXIS 38552 at *9–12 (C.D. Cal. Mar. 24, 2015) (not aggregating LWDA's pro rata share and the representative plaintiff's pro rata share to calculate the amount in controversy) with Patel v. Nike Retail Servs., Inc., No. 14-cv-00851-JST, 2014 WL 3611096 at *9–13 (N.D. Cal. July 21, 2014) (aggregating the LWDA's pro rata share and the representative plaintiff's pro rata share to calculate the amount in controversy). Notwithstanding, the Court need not decide whether it must or must not aggregate the two pro rata shares. Even if the Court were to aggregate both pro rata shares, the amount in controversy is at most $5,400 plus attorney fees and costs. Iskanian does not disturb Urbino's prohibition on aggregating the penalties recoverable for all aggrieved employees to calculate the amount in controversy.

However, at oral argument, Defendants attempted to clarify their argument and urged the Court to read Urbino differently in light of Iskanian. Defendants asserted that Urbino defined a PAGA claim as an individual claim and that Iskanian represented a significant shift because it defined such a claim as a representative one. The Court disagrees that Iskanian represented such a shift or that it added clarity to the definition of a PAGA claim that Urbino lacked. Urbino referred to the plaintiff as a "representative plaintiff" and his claim as a "representative PAGA action." Urbino, 726 F.3d at 1121. Urbino also had the benefit of and relied upon Arias v. Super. Ct., 46 Cal. 4th 969, 980–87 (2009), which made clear that a PAGA claim is a "representative action" not

---

sum of $100 for the § 226 violation, $100 for the § 510 violation, and a total of $1,000 for the other five violations. This would total $1,200, but would be multiplied by four for the four subsequent months of employment, thus totaling $4,800. Adding the $600 penalty for initial violations plus the $4,800 for the subsequent violations would result in a total of $5,400.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-00404 JVS (DFMx)   Date   April 22, 2015

Title   Esqueda v. Sonic Automotive, Inc., et al.

subject to class action requirements. Iskanian did not stray from or contradict Arias, but rather quoted large portions of Arias as "background." See Iskanian, 59 Cal. 4th at 379–82. Because Arias and Urbino both characterized a PAGA claim as a representative one, Iskanian did not add anything that the Urbino court did not already know.

Neither party addresses this point, but the Court also notes that Esqueda's pro rata share is limited to the civil penalties to which he is individually entitled and does not include a portion of the pro rata share of penalties to which the other aggrieved employees are entitled. Nothing in PAGA provides that the plaintiff employee is entitled to a portion of the pro rata share awarded to the other aggrieved employees. It simply states that 25 percent of the penalties will be distributed "to the aggrieved employees," which are defined as "any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed." Cal. Labor Code §§ 2699(c), (i). Additionally, an employee plaintiff like Esqueda is "an individual litigant is stepping into the role of the state attorney general on behalf of the State, to recover civil penalties for the State." Sample v. Big Lots Stores, Inc., No. C 10-03276 SBA, 2010 WL 4939992 at *5 (C.D. Cal. Nov. 30, 2010). He "neither represent[s] the rights of a class . . . nor intends to accomplish the goals of a class action." Cardenas v. McLane Foodservice, Inc., No. SACV 10-473 DOC (FFMx), 2011 WL 379413 at *3 (C.D. Cal. Jan. 31, 2011). Thus, Esqueda is not seeking nor is he entitled to an amount beyond the civil penalties assessed for California Labor Code violations personal to him.

Therefore, Defendants have failed to meet their burden and the Court concludes that removal was improper.[3] The Court **GRANTS** Esqueda's Motion to Remand.

---

[3] Because the Court concludes that the amount in controversy threshold was not met, the Court does not address whether there was complete diversity of citizenship. See Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) ("Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants.") (citation omitted). Esqueda does not argue that complete diversity does not exist, but the Court notes that Esqueda is a citizen of California and Sonic Automotive, Inc. is a citizen of North Carolina, but Sonic Buena Park H, Inc. is a citizen of California. (Not. Removal ¶¶ 4–6.) Defendants argue that because Sonic Buena Park H, Inc. was not listed in the PAGA Letter and thus not notified pursuant to Cal. Labor Code § 2699.3(a)(1), it was "fraudulently joined" and thus its "presence in the lawsuit is ignored for purposes of determining diversity." Morris, 236 F.3d at 1067; Opp'n Mot. Remand 6:13–24.) This issue is mooted by Defendants' failure to show the amount in controversy requirement is met.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-00404 JVS (DFMx) | Date | April 22, 2015 |
| Title | Esqueda v. Sonic Automotive, Inc., et al. | | |

      3.    **Attorney Fees**

      "[T]he standard for awarding fees [upon proof of a motion to remand] should turn on the reasonableness of the removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Id.

      Because Esqueda's counsel discussed Urbino with Defendants' counsel prior to filing the Motion for Remand, Esqueda argues that Defendants unwillingness to stipulate to a remand was unreasonable behavior warranting the award of attorney fees. (Mot. Remand 9:18–10:14.) Although Urbino clearly forecloses Defendants' arguments in this Motion, Urbino was decided before Iskanian. Defendants' reliance on Iskanian was not objectively unreasonable given the Ninth Circuit's silence on the issue since Iskanian. Thus, the Court denies Esqueda's request for attorney fees.

      B.    Defendants' Motion to Compel Arbitration

      Defendants move to compel arbitration of this action pursuant to the Federal Arbitration Act. (Mot. Compel Arbitration 4–6.) Because the case must be remanded for lack of diversity subject matter jurisdiction, the Court lacks jurisdiction to act on the Motion to Compel Arbitration. Therefore, the Court **DENIES AS MOOT** this Motion. See, e.g., Lopez, 2015 U.S. Dist. LEXIS 38552 at *14.

**IV.**    **Conclusion**

      For the foregoing reasons, the Court **GRANTS** Esqueda's Motion to Remand and **DENIES AS MOOT** Defendants' Motion to Compel Arbitration. However, in light of Defendants's request at oral argument, the Court stays the effectiveness of the remand for 30 days so that Defendants may attempt to seek relief from the Ninth Circuit Court of Appeals.

---

      Esqueda requests judicial notice of two documents that allegedly explain why he did not include Sonic Buena Park H, Inc. in his PAGA Letter. (RJN Supp. Reply Supp. Mot. Remand, Dkt. No. 20-2.) Because the diversity of citizenship issue is mooted, so is the need for the Court to consider these documents. Thus, the Court denies the request.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.  SACV 15-00404 JVS (DFMx)　　　　Date  April 22, 2015

Title  Esqueda v. Sonic Automotive, Inc., et al.

**IT IS SO ORDERED.**

Counsel for plaintiff shall prepare, serve and submit, within seven days, a proposed order for remand.

:　00

Initials of Preparer　kjt